# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. ALLEN,<br><br>          Plaintiff,<br><br>     v.<br><br>SUZAN L. HUBBARD, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:10-cv-00396-SKO PC<br><br>ORDER TRANSFERRING CASE TO CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

Plaintiff Joseph A. Allen, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2010. Plaintiff's claims arise from his allegedly erroneous classification as an associate of the Five Trey Avalon Crips disruptive group. Plaintiff denies ever being associated with any gang and he has attempted to correct this misinformation for years.

Plaintiff's exhibits indicate that officials with the California Department of Corrections and Rehabilitation support the gang classification by referencing Los Angeles County records, but upon inquiry from Plaintiff, the Los Angeles County Police Department denied finding any information on Plaintiff or his alleged association with a criminal street gang. Although Plaintiff was incarcerated at California State Prison-Corcoran when he initiated this action, the events giving rise to Plaintiff's claims occurred in the Central District of California, as they involve Los Angeles County and California State Prison-Los Angeles County.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the claims arose in Los Angeles County, which is in the Central District of California. Therefore, Plaintiff's complaint should have been filed in the United States District Court for the Central District of California, and in the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. 28 U.S.C. § 1406(a); <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte).

Accordingly, this matter is HEREBY ORDERED transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

**Dated:   May 5, 2011**              /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE